UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~

THOMAS PUGH, JR.,

                Petitioner,

      vs.                              9:02-CV-1050
                                              (DNH)(DEP)

WILLIAM MAZZUCA, Superintendent, Fishkill
Correctional Facility,

                Respondent.

~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:                                  OF COUNSEL:

THOMAS PUGH, JR.
Petitioner, *pro se*

HON. ELIOT SPITZER                      PATRICK F. MACRAE, ESQ.
Attorney General of the                  Asst. Attorney General
  State of New York
Attorney for Defendant
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Petitioner Thomas Pugh, Jr. filed a petition for a writ of habeas corpus in the Southern District of New York on May 15, 2002, which was subsequently transferred to this Court. Dkt. Nos. 1, 2. By Order of this Court filed on September 20, 2002, petitioner was directed to submit an amended petition. Dkt. No. 6. On October 15, 2002, petitioner filed an amended petition. Dkt. No. 8. The amended petition was recommended denied and dismissed by the Report and Recommendation of Magistrate Judge David E. Peebles filed on September 28, 2005. Dkt. No. 19. That Report and Recommendation was

adopted, and the petition dismissed, by Order of this Court filed on January 9, 2006.  Dkt. No. 24.  Judgment was entered in favor of respondent on January 9, 2006.  Dkt. No. 25.  Petitioner filed a Notice of Appeal.  Dkt. No. 26.  Presently before the Court is petitioner's motion for a Certificate of Appealability ("COA").  Dkt. Nos. 27, 32.  Petitioner also seeks appointment of counsel on appeal.  Dkt. Nos. 28, 33.

## I. Certificate of Appealability

Section 2253(c)(1) of Title 28 of the United States Code provides, in pertinent part, that

> [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).[1]

Furthermore, the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

After reviewing the relevant portions of the file, and for the reasons set forth in Magistrate Judge Peeble's Report-Recommendation and this Court's January 9, 2006

---

[1] Likewise, Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part, that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

Order, the Court finds that petitioner has failed to make the required showing. Therefore, the Court denies his request for a COA.

## II. Appointment of counsel

Turning to petitioner's motion for appointment of counsel for purposes of his appeal (Dkt. Nos. 28, 33), the Court denies the request without prejudice to petitioner renewing the request with the Second Circuit.

WHEREFORE, it is hereby

ORDERED, that petitioner's motion for a Certificate of Appealability (Dkt. Nos. 27, 32) is DENIED;

ORDERED, that petitioner's motion for appointment of counsel on appeal of this matter (Dkt. Nos. 28, 33) is DENIED, without prejudice, as set forth above; and it is

ORDERED, that the Clerk of the Court serve a copy of this Order upon the parties.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 28, 2006
       Utica, New York.